IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARANGELI RODRIGUEZ-MARTINEZ,

Plaintiff,

v.                                                                    CIVIL NO. 10-1590 (CVR)

TIENDAS GRAND STORES,

Defendants.

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Marangeli Rodríguez-Martínez (hereinafter "plaintiff Rodríguez-Martínez"), a former employee of defendant Tiendas Grand Stores (hereafter "Grand Stores") filed a Complaint under the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*, alleging employment discrimination on account of disability.[1] The complaint also submits a claim under the Family Medical Leave Act, 29 U.S.C. §2601, and state law related claims for employment discrimination.

In essence, plaintiff Rodríguez-Martínez submits in the Complaint she began working for defendant Grand Store in 2005 and was promoted to Manager of its Humacao store, being named in 2008 as Best Sales Manager in Puerto Rico. (Docket No. 1, Complaint ¶¶10-11). Upon being diagnosed with cancer in the pelvic area around February 28, 2009, and informing about a week after her diagnosis to defendant Grand Store's managers, plaintiff submits defendant engaged in a pattern of discriminatory comments and conduct due to her condition. Plaintiff avers she was treated in a hostile and abusive

---

[1] Americans with Disabilities Act (hereafter "ADA"), 42 U.S.C. §§12112 prohibits discrimination by covered entities on the basis of disability. A covered entity is defined as "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. §12111(2).

Marangeli Rodríguez-Martínez v. Tiendas Grand Store
Civil No. 10-1590 (CVR)
Opinion and Order
Page No. 2

manner when she had to be absent from work in order to take care of her medical condition, was given excessive work and short time limits to complete tasks, and was forbidden to leave the store. (*Id.*, Complaint ¶¶13-16). Once plaintiff underwent surgery and had to miss work as per her doctor's order, she was forbade from being absent and was required to work. (*Id.* ¶17). While at work on June 18, 2009, and upon starting to bleed which required medical attention, even though she called the owner of defendant store and explained what had happened, plaintiff was issued a warning for allegedly abandoning her work. (*Id.* ¶19). Having received various comments from defendant doubting if plaintiff was really sick, she was issued another warning on June 26, 2009, and was dismissed shortly thereafter on June 29, 2009. (*Id.* ¶¶20-21).  Plaintiff submits she was an excellent worker and was dismissed without cause as a result of her disability,  notwithstanding missing work days only when it was necessary because of her medical condition.  (*Id.* ¶¶22-24).

Insofar as claims under the ADA, plaintiff Rodríguez-Martínez submits as her first cause of action she suffered from pelvic cancer which affected major bodily functions, being thus a qualified individual under the ADA.  Although she was able to perform the essential functions of her position, with or without reasonable accommodation, she was discriminated, harassed, disciplined and ultimately fired from her job because of said disability. (*Id.*, First Cause of Action, ¶¶25-30).  Plaintiff's second cause of action makes reference to a violation of the Federal Medical Leave Act (hereafter "FMLA") upon defendant being aware of plaintiff's serious health condition and that she qualified under FMLA for her absences were covered under same.  As such, defendant should not have taken said medically necessary absences as consideration for disciplining and terminating

Marangeli Rodríguez-Martínez v. Tiendas Grand Store
Civil No. 10-1590 (CVR)
Opinion and Order
Page No. 3

her employment, as well as the cause of retaliatory actions endured. (*Id.*, Second Cause of Action ¶¶32-40).

Plaintiff Rodríguez-Martínez has also included in the complaint state pendent claims as to wrongful dismissal under Puerto Rico Law No. 80, and for torts under Article 1802 of the Puerto Rico Civil Code. (*Id.*, Third and Fourth Causes of Action, ¶¶41-42, 43-44).

Having previously filed an administrative charge against defendant Grand Store with the Anti-Discrimination Union of the state Department of Labor and the Equal Employment Opportunity for the alleged discrimination, this federal complaint was filed within ninety days from receipt of the Right to Sue Letter issued by the EEOC. (*Id.*, Exhibit 1).

Defendant Grand Stores filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[2] The request for dismissal is based on having failed to submit from the allegations of the complaint a claim for which relief may be granted, succinctly a *prima facie* case of discrimination because of disability for which defendant requests the Complaint be dismissed.
(Docket No. 5).

Plaintiff filed her Response in Opposition. (Docket No. 8).[3]

---

[2]    Said rule provides:
   ... (b) How to Present Defenses.  Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion:
      ....
   ... (6) failure to state a claim upon which relief can be granted ...

[3]    On May 12, 2011, an Order was issued striking defendant's exhibits in the reply upon failure to submit the necessary translations in the English language. (Docket No. 30). Furthermore, the documents, including sworn statements and other documentary evidence, attempted to raise issues proper of a motion for summary judgment without compliance with Fed.R.Civ.P. 56 or relevant local rules.

An Addendum to Motion to Dismiss referred to an issue of proper service under Fed.R.Civ.P. 12(b)(5) was not further elaborated because all it requested was additional time to further investigate the process of service. (Docket No. 10).

The parties consented to jurisdiction by this United States Magistrate Judge for all further proceedings including the entry of judgment. (Docket No. 29).

After careful consideration, the request for dismissal is unwarranted as discussed herein below.

## MOTION TO DISMISS STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissal may be warranted for failure to state a claim upon which relief can be granted. To elucidate a motion to dismiss the Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n. 2 (1st Cir. 1996) (*quoting* Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). The Court, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss. Abbott, III v. United States, 144 F.3d 1, 2 (1st Cir. 1998) (*citing* Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1216 (1st Cir. 1996)).

The Supreme Court most recent opinion changes the standard for a motion to dismiss so that plaintiff will now have to include more information in the pleadings if

Marangeli Rodríguez-Martínez v. Tiendas Grand Store
Civil No. 10-1590 (CVR)
Opinion and Order
Page No. 5

he/she wants to survive a 12(b)(6) motion.  *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544,

127 S. Ct. 1955, 1969 (2007).[4]

The First Circuit has cited to this decision and noted this new standard in Rodríguez-

Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), copied in part below:

> At the outset, we note that even under the liberal pleading standard of
> Federal Rule of Civil Procedure 8, the Supreme Court has recently held that
> to survive a motion to dismiss, a complaint must allege "a plausible
> entitlement to relief." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1967, 167 L.
> Ed. 2d 929 (2007). In so doing, the Court disavowed the oft-quoted language
> of Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957),
> that "a complaint should not be dismissed for failure to state a claim unless
> it appears beyond doubt that the plaintiff can prove no set of facts in support
> of his claim which would entitle him to relief." See Twombly, 127 S. Ct. at
> 1969. The Court found that the "no set of facts" language, if taken literally,
> would impermissibly allow for the pleading of "a wholly conclusory statement
> of [a] claim," and that "after puzzling the profession [**8]  for 50  [*96]
> years, this famous observation has earned its retirement. *Id*. at 1968, 1969.

Similarly under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, the factual

statements of the complaint are considered true, indulging every reasonable inference

helpful to plaintiffs' cause.  However, the tenet that a court must accept as true all the

allegations contained in a complaint is inapplicable to legal conclusions and mere recitals

of the elements of a cause of action, supported by mere conclusory statements, do not

suffice.  Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937, 1949 (2009).

---

[4]   No heightened fact pleading of specifics is required but only enough facts to state a claim to relief that is
plausible on its face.  Bell Atlantic, 127 S.Ct. at 1974.

Marangeli Rodríguez-Martínez v. Tiendas Grand Store
Civil No. 10-1590 (CVR)
Opinion and Order
Page No. 6

In addition, most recently the Court of Appeals for the First Circuit examined dismissal under Twombly[5] and Iqbal,[6] allowing for survival of dismissed political discrimination claims and noticed the pleading standard was considered sufficient under a plausible claim examination. *See* Carmen M. Ocasio Fernandez v. Fortuño Burset, 2011 WL 1228768, No. 09-2207, slip op. (April 1, 2011). We shall thus examine the request for dismissal under the most recent applicable case law as to those claims submitted by plaintiff Rey-Cruz under Title VII and ADA as presented in the complaint filed before this Court.

## LEGAL ANALYSIS

**A. Dismissal of Complaint for Lack of a *Prima Facie* Claim.**

Plaintiff's Complaint submits violations under the provisions of the ADA, FMLA and state claims for employment discrimination because of a disabling and medical conditions and retaliation resulting in her dismissal.

Defendant's request for dismissal of plaintiff's claims is that the narrative and factual presentation of the Complaint is devoid of any factual content to allow the court to draw reasonable inferences defendant is liable for the misconduct alleged nor the Complaint presents a claim for relief that is plausible from its face. Defendant considers plaintiff has done nothing more than provide a recitation of the elements of the cause of action she wishes to invoke.

---

[5] In Twombly the Supreme Court affirmed the dismissal of an anti-trust class action suit filed under Section 1 of the Sherman Act.

[6] Iqbal involved a Section 1983 filed by a detainee who had been held in a detention center in the wake of the September 11, 2011, terrorist attacks and submitted the detention was based from unconstitutional racial, ethnic and religious discrimination.

Still, as alleged in the Complaint, plaintiff has duly claimed sufficient events leading to discrimination under the ADA and the FMLA, as well as state pendent claims. For this purpose, we must follow the process of accepting as true all well-pleaded facts set out in the complaint and indulge all reasonable inferences in favor of the pleader. *See* S.E.C. v. Tambone, 597 F.3d 436 (1st Cir. 2010). A complaint need not plead detailed factual allegations but must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashford v. Iqbal, 129 S.Ct. at 1949.

Contrary to defendant's assertion, an examination of the Complaint shows plaintiff has raised sufficient factual predicates for the claimed violations. Succinctly, plaintiff submits in the averments of the Complaint that, while being employed by defendant and having received good evaluations and mentions because of her good and even excellent performance, upon informing of her medical condition and the need for treatment, her conditions of employment drastically changed. She has identified in the Complaint a narrative of sufficient factual predicates to sustain her averment, during the time span of her medical conditions, denial of medical leave, retaliation in her job evaluation upon taking her leave or seeking emergency medical treatment and finally her dismissal. (Docket No. 1, Complaint p. 3 ¶¶13-18).

In addition, plaintiff claims she was subject of employment discrimination and retaliation by being provided a written notice of admonishment for leaving her work when she had to seek medical treatment when she began bleeding while at work. (*Id.*, p. 4 ¶19; p. 5 ¶36).

Marangeli Rodríguez-Martínez v. Tiendas Grand Store
Civil No. 10-1590 (CVR)
Opinion and Order
Page No. 8

Plaintiff's medical condition, which was notified to defendant, was a serious condition which required surgical intervention and post-operatory rest, as well as medical follow ups.  Plaintiff avers that, upon returning to work, she was not allowed to leave the site and her absences were used to evaluate her performance, which had previously been excellent and recognized as such by the employer.  (*Id.*, p.4, ¶¶20-21).

Plaintiff was dismissed from employment shortly upon development of her medical condition and the resulting absences for medical treatment. (*Id.*, p.4 ¶¶22-23).

Insofar as the FMLA, the Complaint submits that, upon being diagnosed with cancer, plaintiff was not allowed to rest as per her doctor's orders and defendant forbade plaintiff from being absent and required her to work.  (*Id.*, p.3 ¶17).  Whenever plaintiff had to be absent to take care of her medical condition, she was treated in a hostile and abusive manner, given excessive work and short time to complete, and being forbidden from leaving the store. (*Id.* ¶16).  Plaintiff was questioned whether she was really sick or was just taking vacation time.  (*Id.* ¶18).  Upon having to leave work, because of a medical emergency, plaintiff was reprimanded and issued a warning for abandoning work.  (*Id.*, p. 4 ¶19).

A dismissal for failure to state a claim is inappropriate if the complaint satisfies the requirement of a short and plain statement of the claim showing that the pleader is entitled to relief.  In order to show entitlement to relief, the complaint must contain enough factual

Marangeli Rodríguez-Martínez v. Tiendas Grand Store
Civil No. 10-1590 (CVR)
Opinion and Order
Page No. 9

material to raise a right to relief above the speculative level on the assumption that all the allegations of the complaint are true, even if doubtful in fact. Ocasio-Hernández v. Fortuño-Burset, ___F.3d ___, 2011 WL 1228768 (1st Cir. 2011).[7]

Considering the above summary of the allegations filed by plaintiff Rodríguez-Martínez, and upon a *prima facie* examination of the Complaint, we opine the Complaint submits sufficient factual predicates for a plausible cause of action as to claims under the ADA and the FMLA that are particularly identified, as well as the corresponding actors, the dates and narrative of events, as well as a chronological depiction of the causal connection with plaintiff's condition and defendant's actions that are attributed to discrimination in employment.

Following Twombly, the above contentions meet the requirement that a plaintiff should show a plausible entitlement to relief, which is not the same as imposing a "heightened pleading requirement." Twombly, 550 U.S. at 570. Said determination was not considered inconsistent with a prior determination that a court may not insist on the allegation of "specific facts" that would be necessary to prove the claim at trial.

In a motion to dismiss legal conclusions –such as merely indicating having endured employment discrimination because of disability, without more– are not entitled to a presumption of truth. Factual allegations as to the particular acts by each defendant, with a date proximity and adverse employment consequences are geared towards assertions of

---

[7] When resolving a motion to dismiss for failure to state a claim, if that factual content, so taken, allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, the claim has facial plausibility; the make-or-break standard is that the combined allegations, taken as true, must state a plausible, not merely a conceivable case for relief.

Marangeli Rodríguez-Martínez v. Tiendas Grand Store
Civil No. 10-1590 (CVR)
Opinion and Order
Page No. 10

facts which at the stage of a Rule 12(b)(6) request for dismissal, are entitled to a presumption of truth.  If these factual allegations, taken as true, state a facially plausible legal claim, the court is allow to draw the reasonable inference the defendant is liable for the misconduct alleged.  Iqbal, 129 S.Ct. 1949-50.

In view of the above, dismissal at this stage is not warranted as to defendant's allegations that plaintiff has failed to present a *prima facie* case for failure to plead sufficiently under Fed.R.Civ.P. 12(b)(6).

**B.  State Pendent Claims.**

Pendent jurisdiction exists whenever there is a claim arising under the Constitution, the Laws of the United States, and treaties made under their authority and the relationship between that claim and the state claim can be found to constitute, but one constitutional case. The state claims must be linked to the federal claim by a "common nucleus of operative facts", and must be sufficiently substantial to confer federal court jurisdiction. United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138  (1966); Confederación Laborista De Puerto Rico v. Cervecería India, Inc., 607 F.Supp. 1077, 1081 (D. Puerto Rico 1985).[8]

In Gibbs, 383 U.S. at 726, the Supreme Court ruled a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over

---

[8] *See* Ponce Federal Bank v. The Vessel "Lady Abby", 980 F. Supp 56 (1st Cir. 1992) (Non-federal claim against a person not otherwise a party in a case is sufficiently related to an admiralty claim to permit assertion of pendent party jurisdiction if state law claim against additional party arises out of common nucleus of operative facts with admiralty claim and resolution of factually connected claims in single proceeding would further interests of conserving judicial resources and fairness to parties).

a case brought in that court involving pendent state-law claims. When the balance of these factors indicates a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice. *See* Martínez v. Colón, 54 F.3d 980, 990 (1st Cir. 1995).  The exercise of pendent jurisdiction is discretionary.  *See* Cardona Jiménez v. Bancomercio de Puerto Rico, 174 F.3d 36, 42 (1st Cir. 1999).

Having, thus, determined above that there are federal causes of action pending in this case, this Court will exercise pendent jurisdiction over state claims raised in the complaint.

## CONCLUSION

In view of the foregoing, defendant's "Motion to Dismiss" is DENIED. (Docket No. 5). Consequently, the "Supplemental Motion Addendum to Motion to Dismiss" (Docket No. 10) is also DENIED.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 7th day of June of 2011.

s/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE